IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr594-MHT |
| | ) | (WO) |
| NASSIR INMAN NEVETT | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Nassir Inman Nevett. Based on the representations made in the motion, the court finds that jury selection and trial, now set for October 5, 2026, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

> commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and Nevett in a speedy trial. Nevett seeks a continuance to allow his attorney sufficient time to complete steps necessary for plea negotiations prior to the change-of-plea deadline and trial date. Defense counsel is unable to complete those steps in the time allotted because she is actively preparing for a state-court capital-murder trial set for trial two days before the plea deadline, and she expects the state-court trial to last at least one week. There is no indication that defense counsel has not exercised due diligence. The court finds that additional time is necessary to ensure that defense counsel has the reasonable time necessary for effective representation of Nevett. Also, as noted earlier, the government does not oppose the motion.

***

**Accordingly, it is ORDERED as follows:**

**(1) The unopposed motion to continue trial (Doc. 26) is granted.**

**(2) The jury selection and trial, now set for October 5, 2026, are continued to November 16, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.**

**The United States Magistrate Judge shall reset the deadline for changes of plea and other pretrial deadlines as appropriate.**

**DONE, this the 24th day of August, 2026.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**